Dargan, Ch.,
delivered the opinion of the Court.
This Court is of the opinion that the circuit decree is correct. The Act of 1789, (5 Stat. 112,) which, in this particular, is a reenactment of the same provision of the Act of 1745,* gives to an executor or administrator two and a half per cent, on all sums which he “ shall pay away in credits, debts, legacies, or otherwise,” during the course of his management or administration. This is intended as a compensation for his care, labor and hazard, in the performance of his duties in his office, or trust, as executor or administrator. When the same person is appointed guardian of the'legatee, or distributee, (as the case may be,) the fund of his ward is transferred, by operation of law, from him, in his character as executor or administrator, to him, in his new character as guardian. He is henceforward liable in the character of guardian, and is released from his liability as executor or administrator, and his sureties, which he has given in the latter character, are discharged. The payment to the guardian is a payment to the ward ; and it is a paying to the legatee, or distributee, of whom he has become the guardian, when it is *15 paid by operation of law, as well as when it is by actual payment. The case is different where a new guardian is appointed and receives from his predecessor the wards’ funds. There the money is transferred from one to another in the same office, and the law allows but one commission.
When one who was an executor or administrator becomes the guardian, he assumes an entirely new trust or office, with new and different duties and responsibilities, which office may continue with all its burthens and liabilities for a long period of time.
For the performance of this trust, the law álso allows two and a half per cent, for receiving and paying out. If another person had become the guardian, the right of the guardian to charge two and a half per cent, for receiving the fund, and of the executor to charge that commission for paying that fund to the guardian, would have been undisputed. Here there is but one person, but two distinct offices, or trusts, and the law allows the same compensation in both. The principle is the same where one person performs both trusts. The appeal is dismissed and the decree affirmed.
Johnston and Wardlaw, CO., concurred.

Appeal dismissed.

 The lltli section of the Act of 1745, is not either in Grimke or in the Statutes at Large, and it is not correct, as is said in both those comjhlations, that it is reenacted by the Act of 1789, (vide 3 Stat. 668; P. L. 202 ; 5 Stat. 112.) The Act of 1745 gives commissions to “ every guardian or trustee,” as well as to executors and administrators; the Act of 1789 is confined to executors and administrators ; see 1 Brev. Dig. 392; Muckenfuss vs. Heath, (1 Hill Ch. 183.) E.